UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| **BITUMINOUS CASUALTY CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| **RCR BUILDING CORPORATION,** ) | |
| **LEXINGTON INSURANCE COMPANY,** ) | |
| as subrogee of DIVIDEND CAPITAL ) | |
| TRUST, INC., and ) | |
| DCT-TECHNICOLOR II, LP, DIVIDEND ) | |
| CAPITAL TRUST, INC., and ) | |
| DCT-TECHNICOLOR II, LP, ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the plaintiff, Bituminous Casualty Corporation (hereinafter referred to as "Bituminous"), and alleges as follows:

### I.  THE PARTIES

1. Bituminous is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business located at 320 18th Street, Rock Island, Illinois  61201-87440.  Bituminous is thus a citizen and resident of the State of Illinois for purposes of 28 U.S.C. § 1332.

2. The defendant, RCR Building Corporation, is a Tennessee corporation, with its principal place of business at 632 Melrose Avenue, Nashville, TN  37211-2161.  Its agent for service of process is Patrick J. Riley, Jr., 632 Melrose Avenue, Nashville, TN 37211-2161.  RCR Building Corporation (hereinafter referred to as "RCR") is thus a

citizen and resident of the State of Tennessee for purposes of 28 U.S.C. § 1332.

3. The defendant, Lexington Insurance Company, is a Maryland Corporation with its principal place of business in Boston, Massachusetts. The defendant, Lexington Insurance Company (hereinafter referred to as "Lexington"), is thus a citizen and resident of either the State of Maryland or the State of Massachusetts for purposes of 28 U.S.C. § 1332.

4. The defendant, DCT-Technicolor II, LP is a Delaware Corporation with its principal place of business at 518 17th Street, Suite 1700, Denver, Colorado 80202. The defendant, DCT-Technicolor II, LP (hereinafter referred to as "DCT"), is authorized to transact business and does transact business in Memphis, Shelby County, Tennessee. Its authorized agent for service of process within the State of Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203. Thus, DCT is citizen and resident of either the State of Delaware or the State of Colorado for purposes of 28 U.S.C. § 1332.

5. The defendant, Dividend Capital Trust, Inc., (hereinafter referred to as "DCTI" and now known as "DCT Industrial Trust, Inc.") was, at times relevant to this Complaint, a Delaware and/or Maryland Corporation, with its principal place of business outside the State of Tennessee, Its authorized agent for service of process is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202. DCTI is not a citizen or resident of the State of Tennessee for purposes of 28 U.S.C. § 1332.

6. The defendants, Lexington, DCT, and DCTI, are joined in this lawsuit as they have an interest in the outcome of the coverage issues being raised herein, and thus

to afford complete relief and resolution between the parties hereto.

## II. VENUE AND JURISDICTION

7. This action is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds the sum of One Hundred Thousand and No/100 Dollars ($100,000.00), exclusive of interest and cost and, in fact, the potential limits of liability coverage under the insurance policies as issued by Bituminous set forth below equal or exceed One Million and No/100 Dollars ($1,000,000.00).

8. As will be more fully set forth below, RCR entered a contract in 2003 for construction of a building located at 5140 Memphis Oaks Drive, Memphis, Tennessee (hereinafter referred to as the "Technicolor II Building"). Claims have been asserted against RCR arising from the allegedly faulty construction of the Technicolor II Building, and suit has been filed in the Shelby County Circuit Court by Lexington Insurance Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, under Civil Action No. CV-005968-07 (hereinafter referred to as the "Circuit Court suit").

9. RCR has requested coverage for the allegations of the Circuit Court suit, which arose within this judicial district. Bituminous is defending the interests of RCR under a Reservation of Rights.

10. Accordingly, venue is proper in this Court and in this Division, pursuant to 28 U.S.C. § 1391 and § 123, respectively.

11.     Declaratory relief is appropriate, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, as the issues raised in this declaratory judgment action are not determinative of the liability of RCR in the Circuit Court suit, and the coverage issues raised herein are not issues upon which a decision in the Circuit Court suit will be necessary. Thus, it is likely that this forum presents the only opportunity for Bituminous to resolve the coverage issues raised herein. Bituminous reserves the right to amend this declaratory judgment action in the event that other coverage issues are manifest and ripe for adjudication.  It is believed that the coverage issues contained herein are dispositive of the entire case, and are not issues that will be resolved in the underlying suit.

### III.  FACTS

12.     On or about July 18, 2003, RCR contracted for the construction of the Technicolor II Building.

13.     Pursuant to ¶ 3.3 of the contract, the date of substantial completion agreed upon by RCR was December 1, 2003.

14.     As part of its work as the general contractor on the Technicolor II Building, RCR was responsible for the construction of a concrete slab.

15.     During construction, and specifically prior to April 1, 2004, the concrete slab which was poured under the authority of RCR, as the general contractor, settled significantly.  As a result, corrective measures were taken at the instigation of RCR including, but not limited to, two pressure grout injections to cure the failure of the slab.

16.     Accordingly, prior to April 1, 2004, RCR knew that "property damage" had

occurred to a portion of the Technicolor II Building under construction.

17.   The Circuit Court suit asserts liability against RCR based upon defects in and settlement of the concrete slab.

18.   On April 1, 2004, Bituminous began to insure RCR.  Since that time, pertinent to the matters at issue herein, Bituminous has issued the following commercial liability policies and the following commercial umbrella policies:

| EXHIBIT NO. | POLICY NO. | POLICY PERIOD |
|---|---|---|
| 1 | CLP 3 186 110 | 4/1/04 to 4/1/05 |
| 2 | CLP 3 208 475 | 4/1/05 to 4/1/06 |
| 3 | CLP 3 226 168 | 4/1/06 to 4/1/07 |
| 4 | CLP 3 240 540 | 4/1/07 to 4/1/08 |
| 5 | CUP 2 572 582 | 4/1/04 to 4/1/05 |
| 6 | CUP 2 575 726 | 4/1/05 to 4/1/06 |
| 7 | CUP 2 577 706 | 4/1/06 to 4/1/07 |
| 8 | CUP 2 579 190 | 4/1/07 to 4/1/08 |

19.   Each commercial liability policy (Exhibits 1-4), has contained an insuring agreement substantially similar to the following:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

      **(1)**   The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**   The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)**   Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

   **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

  20. Under the insuring agreement, the insurance applies only to the extent that: no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized to give or receive notice of an "occurrence" or claim, knew that "property damage" had occurred, **<u>in whole or in part</u>**.

  21. Each of the commercial umbrella policies contained an amendment to the insuring agreement via endorsement CUP 00 88 08 01, which provided as follows:

      **AMENDMENT OF INSURING AGREEMENT**

 **Paragraph 1. INSURING AGREEMENT** of **SECTION I – COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:

 **1.**  **INSURING AGREEMENT**

   a. We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' or 'property damage' caused by an 'occurrence' which takes place during the policy period and in the 'coverage territory.' No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for under **SECTION II – DEFENSE AND SUPPLEMENTARY PAYMENTS – COVERAGES A and B.**

   b. This insurance applies to 'bodily injury' and 'property damage' only if prior to the policy period, no insured listed under paragraph 1. of **SECTION II – DEFENSE AND SUPPLEMENTARY PAYMENTS – COVERAGES A and B.**

  c. 'Bodily injury' or 'property damage' which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of **SECTION III – WHO IS AN INSURED** or any 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, includes any continuation, change or resumption of that 'bodily injury' or 'property damage' after the end of the policy period.

  d. 'Bodily injury' or 'property damage' will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of **SECTION III – WHO IS AN INSURED** or any 'employee' authorized by you to give or receive notice of an 'occurrence' or claim;

   (1) Reports all, or any part, of the 'bodily injury' or 'property damage' to us or any other insurer; or

   (2) Receives a written or verbal demand or claim for damages because of the 'bodily injury' or 'property damage'; or

   (3) Becomes aware by any other means that 'bodily injury' or 'property damage' has occurred or has begun to occur.

As with the CLP policies, the insuring agreement does not apply if RCR was aware that any property damage had occurred prior to policy inception.

  22. Prior to April 1, 2004, RCR knew that "property damage" as defined by the commercial general liability policy, had occurred, in whole or in part, to the Technicolor II Building.

  23. Consequently, the insuring agreements set forth above do not provide coverage for damage to any portion of the Technicolor II Building.

  24. RCR has been sued by Lexington Insurance Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, in the Circuit Court for Shelby County, Tennessee, under

Docket Number CT-005968-07, in which the plaintiffs therein seek damages for property damage occasioned to the Technicolor II Building as a result of defects in the slab and/or settlement of the slab.

25.     Bituminous alleges and avers that an actual controversy exists between itself and the defendants within the meaning of 28 U.S.C. § 2201, and that this Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationships of the parties with reference to the issues raised herein.

## IV.  DECLARATORY RELIEF SOUGHT

26.     Bituminous re-avers and re-alleges the allegations of ¶¶ 1-25 of its Complaint.

27.     Bituminous requests that the following declaratory relief be granted:

    A.     That the Court adjudicate and declare that RCR was aware and knew that "property damage" had occurred, in whole or in part, to the Technicolor II Building prior to the initial Bituminous policy period, which began April 1, 2004; and

    B.     That the Court, consequently, adjudicate and declare that no coverage is afforded under any policy issued by Bituminous to RCR for any damages to the property known as the Technicolor II Building located at 5140 Memphis Oaks Drive, Memphis, Tennessee; and

    C.     That the Court adjudicate and declare that RCR is not entitled to any coverage for the damages and claims of Lexington Insurance

Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, as sought in Civil Action No. CT-005968-07, currently pending in the Circuit Court for Shelby County, Tennessee, at Memphis; or in any related arbitration proceeding; and

D. That the Court adjudicate and declare that no policy issued by Bituminous provides any coverage whatsoever for any of the claims, suits or damages alleged by Lexington Insurance Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP with respect to the Technicolor II Building located at 5140 Memphis Oaks Drive, Memphis, Tennessee.

**WHEREFORE**, Bituminous Casualty Corporation prays as follows:

A. That the defendants be required to answer and appear herein;

B. That the Court adjudicate and declare that RCR was aware and knew that "property damage" had occurred, in whole or in part, to the Technicolor II Building prior to the first Bituminous policy period, which began April 1, 2004; and

C. That the Court, consequently, adjudicate and declare that no coverage is afforded under any policy issued by Bituminous to RCR for any damages to the property known as the Technicolor II Building located at 5140 Memphis Oaks Drive, Memphis, Tennessee; and

D. That the Court adjudicate and declare that RCR is not entitled to any

coverage for the damages and claims of Lexington Insurance Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, as sought in Civil Action No. CT-005968-07, currently pending in the Circuit Court for Shelby County, Tennessee, at Memphis; or in any related arbitration proceeding; and

E. That the Court adjudicate and declare that no policy issued by Bituminous provides any coverage whatsoever for any of the claims, suits or damages alleged by Lexington Insurance Company, as subrogee of Dividend Capital Trust, Inc. and DCT-Technicolor II, LP, Dividend Capital Trust, Inc. and DCT-Technicolor II, LP with respect to the Technicolor II Building located at 5140 Memphis Oaks Drive, Memphis, Tennessee.

F. For such further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

 s/ Parks T. Chastain
**PARKS T. CHASTAIN**
Registration No. 13744
Attorney for Plaintiff, Bituminous Casualty Corporation

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787, Ext. 114

PTC:dmt